IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN T. COOPER, #505-238    :

    Plaintiff     :

    v.      : CIVIL ACTION NO. L-10-270

LYNN COLE      :

    Defendant    :

**<u>MEMORANDUM</u>**

This is a 42 U.S.C. § 1983 Complaint for damages for "pain and suffering and the negligence of D.O.C. medical staff." Pending before this Court is Lynn Cole's unopposed Motion to Dismiss, or in the Alternative, for Summary Judgment.[1] Docket No. 10. The issues have been fully briefed and no oral argument is necessary. <u>See</u> Local Rule 105.6. (D. Md. 2009). For the foregoing reasons, the Court will, by separate Order, GRANT Cole's dispositive motion, construed as a motion for summary judgment.[2]

**I. Background**

Plaintiff states that he broke his finger while in the custody of the Maryland Division of Correction. He alleges that when he went to the Roxbury Correctional Institution dispensary "looking for some kind of pain reliever" for his finger, he was told that they did not have to prescribe medication and it was to be bought "off commissary." (Docket No. 1). He claims that

---

[1] On April 27, 2010, Plaintiff was notified of Defendant's dispositive filing pursuant to the dictates of <u>Roseboro v. Garrison</u>, 528 F. 2d. 309 (4th Cir. 1975). He has not filed opposition material as of the within signature date.

[2] Defendant has relied on materials outside the scope of the pleading in seeking judgment in her favor. The Court has considered those materials. Consequently, Defendant's dispositive motion has been converted to a motion for summary judgment. <u>See</u> Fed. R. Civ. P. 12(b).

after he filed his administrative grievance as to the lack of medical treatment, he was given

Ibuprofen.[3]  Plaintiff also complains that he was denied physical therapy on January 27, 2010.

## II.    Cole's Motion for Summary Judgment

### A.    Standard of Review

Summary judgment may be granted when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also

Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial

judges have "an affirmative obligation" to prevent factually unsupported claims and defenses

from proceeding to trial).  Nevertheless, in determining whether there is a genuine issue of

material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in

the light most favorable to the non-moving party.  See Pulliam Inv. Co. v. Cameo Properties, 810

F.2d 1282, 1286 (4th Cir. 1987).

### B.    Analysis

Title 28 U.S.C. § 1983 authorizes a plaintiff to bring a civil suit against anyone "acting

under color of state law" who has deprived him of a right, privilege or immunity secured by the

Constitution, laws or treaties of the United States.   As the Health Services Administrator for

Correctional Medical Services, Inc. in the Eastern Region of the Division of Correction, Cole is

---

[3]      Accompanying the Complaint are copies of Plaintiff's administrative remedy procedure ("ARP") grievances.  The ARPs echo the Complaint allegations and claim that as a "ward of the state" Plaintiff should not be required to purchase mediation to treat his medical needs.  (Docket No. 1 at Attachments).

acting under "color of state law" and is a proper defendant with regard to Plaintiff's § 1983 medical claims.[4]

In order to succeed on his Eighth Amendment claims, Plaintiff must prove the following two elements: (i) that he has a serious medical condition;[5] and (ii) that Cole knew that there was a risk of harm if the condition did not receive treatment, but nonetheless ignored that risk.[6] Cole seeks summary judgment, alleging that Plaintiff has failed to state a claim and, as there is no genuine dispute of material fact, she is entitled to judgment as a matter of law.

Plaintiff claims that he was denied requested pain medication for a broken finger and told to purchase pain analgesics at the prison commissary. The unopposed record indicates that Plaintiff sustained a fracture to his left index finger. It is not clear when the injury occurred as the record references three different years, 2003, 2004 and 2005. In any event, on August 9, September 4, and September 15, 2009, Plaintiff submitted sick-call encounter forms complaining that his finger was broken in 2005 and that he was starting to experience discomfort with it

---

[4] See West v. Atkins, 487 U.S. 42, 54 (1988).

[5] See Hudson v. McMillian, 503 U.S. 1, 9 (1992); Estelle v. Gamble, 429 U.S. 97, 105 (1976); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). A serious medical need is one that poses a substantial risk of serious injury to health and safety. See Young v. City of Mount Ranier, 238 F.3d 567, 576 (4th Cir. 2001). This Circuit has further defined "serious medical need" as a medical need "sufficiently serious....to require medical treatment." Brice v. Virginia Beach Correctional Ctr., 58 F.3d 101, 104 (4th Cir. 1995).

[6] Plaintiff must prove that Cole "knows of and disregards an excessive risk to inmate health and safety; [Cole] must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Cole is not, however, liable if she "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844; see also Johnson v. Quinones, 145 F.3d 164,167 (4th Cir. 1998). The Court observes that no direct claim has been raised against Defendant Cole. Indeed, she is not mentioned in the body of the Complaint or attachments. Therefore, the Complaint against Cole may be dismissed. See Banks v. County of Alleghany, 568 F.Supp.2d 579, 583 (W.D. Pa. 2008); see also Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir.1974).

again.  He requested that the finger be reset and that he be given pain medication.  He admitted on one of the sick-call slips that he had previously been provided Motrin for his pain.

Plaintiff was evaluated in the dispensary by Nurse Killomon on September 15, 2009.  He was given Motrin and referred to a physician's assistant ("P.A.") for his complaint that his finger had not been set correctly.  On September 23, 2009, he was evaluated by P.A. Bruce Ford, who was informed by Plaintiff that he had been seen at Bon Secours Hospital one month after the injury, but he now wanted the finger to be surgically repaired.  Ford noted that the finger remained extended during the examination and Plaintiff indicated he could not bend his finger.  Ford prescribed the non-steroidal anti-inflammatory medication ("NSAID") Naprosyn for two months to help his pain.  He also ordered an x-ray of Plaintiff's finger and a follow-up visit after the x-ray was taken to consider the necessity of physical therapy.

The x-ray of Plaintiff's left hand, taken on October 3, 2009, showed an old healed fracture of Plaintiff's index finger.  At his follow-up appointment with P.A. Ford on October 14, 2009, Plaintiff was told that given the age of the injury to his finger, he was a poor candidate for surgical repair.  Ford noted that Plaintiff had limited function and poor flexion of the finger.  He nonetheless requested a physical therapy consultation even though it would probably be of little benefit.

On October 20, 2009, Dr. Paul Matera noted that Plaintiff's physical therapy was deferred by the utilization review contractor, Wexford Health Sources, in favor of continuing with a home exercise program with range of motion exercises and conservative treatment.

Plaintiff offered no further complaints about his finger until December 19, 2009, when he filed a sick-call request form requesting a refill of his pain medication, Motrin. On December 23, 2009,  Nurse Practitioner Hearthway evaluated Plaintiff, who indicated that he had broken his

finger four years earlier and had undergone surgery and physical therapy at that time. He complained that his finger ached because of arthritic changes to the finger. Plaintiff was given 30 Motrin Tablets on December 24, 2009, to help relieve pain.

On January 16, 2010, Plaintiff submitted a sick-call encounter form complaining that his hand was still hurting. He was called to the dispensary, but refused the sick-call appointment. Plaintiff filed another sick-call request form on February 25, 2010, complaining that his finger and back hurt. He was evaluated on February 27, 2010, by Nurse Patterson, who renewed his Motrin regimen.

The unopposed record shows that Plaintiff's finger fracture, an injury anywhere from four to six years old, was treated conservatively in 2009 and 2010 with pain and anti-inflammatory medication and a home exercise program. An x-ray showed an old healed fracture. Plaintiff has presented no evidence tending to contradict the materials. No deliberate indifference has been demonstrated.

## III. Conclusion

For the foregoing reasons, the Court will, by separate Order:

(i)     GRANT Cole's Motion for Summary Judgment;

(ii)     ENTER judgment in favor of Cole and against Plaintiff; and

(iii)     DIRECT the Clerk to CLOSE the case.

Dated this 25th day of May 2010.

/s/
_____
Benson Everett Legg
United States District Judge